IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Charles Johnson, #243842,<br><br>                  Petitioner,<br><br>vs.<br><br>Warden, Evans Correctional Institution,<br><br>                  Respondent. | Civil Action No. 6:10-19-HFF-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently confined in the Evans Correctional Institution, of the South Carolina Department of Corrections ("SCDC"), as the result of his York County convictions and sentence. The York County Grand Jury indicted the petitioner at the June 1997 term of court for murder (97-GS-46-2061); failure to stop for a blue light resulting in death (97-GS-46-2062); assault with intent to kill (AIK) (97-GS-46-2063); felony driving under the influence (DUI) resulting in great bodily injury (97-GS-46-2064); felony DUI resulting in death (97-GS-46-2065); and possession of a stolen vehicle (97-GS-46-2066). Attorney Michael L. Brown represented him on these charges.

On September 9, 1997, he pleaded guilty to all charges, except for murder, before the Honorable Joseph Watson. Judge Watson sentenced him to 25 years for felony DUI resulting in death; 15 years consecutive for failure to stop for a blue light; 10 years concurrent for AIK; 15 years concurrent for felony DUI resulting in great bodily injury; and five years concurrent for possession of a stolen vehicle. The petitioner did not appeal his conviction or sentence.

The petitioner filed a *pro se* post-conviction relief (PCR) application (98-CP-46-6l3) on March 19, 1998, in which he alleged the following grounds for relief:

      (1)    Ineffective assistance of counsel;

      (2)    Involuntary, unknowing and unintelligent plea;[1] and

      (3)    Applicant's constitutional rights under 6, 8, 14th amends. were violated.

(App. 40-44). The State filed its Return on September 23, 1998.

The Honorable John C. Hayes, III, held an evidentiary hearing into the matter on October 30, 1998, in York County, South Carolina. The petitioner was present at the hearing and represented by attorney Allen Bullard. Assistant Attorney General J. Benjamin Aplin represented the State. The petitioner testified on his own behalf, while the State presented the testimony of trial counsel, Mr. Brown. Judge Hayes also had before him a copy of the petitioner's September 9,1997, guilty plea transcript; the records of the York

---

[1] His specific ineffective assistance of counsel claims were that: (a) counsel failed to conduct [a] reasonable evaluation and investigation into any plausible line of defense in this case, but instead forced Applicant to plead guilty based on Counsel's erroneous advice that absolutely no line of defense was available for the Applicant[, w]hen in fact, several legal strategies and defenses could and should have been employed by counsel; (b) Counsel erroneously advised Applicant to plead guilty; (c) Counsel failed to protect Applicant from [a] disproportionally harsh sentence and counsel's representation fell below reasonable standard[s] required by law. Counsel failed to advise [Applicant] of the law regarding the offenses for which he had been charged and failed to adequately consult with him about his case. Applicant received almost no visits from or communication with Counsel while waiting in jail for his trial despite the fact that he had paid Counsel $ 8,000 dollars for his representation. Counsel refused to reply to the letters he wrote him inquiring about his case and refused his phone calls. And on rare occasions when Counsel visited Applicant, he offered absolutely no legal remedies for Applicant's case.

2

County Clerk of Court regarding the petitioner's convictions; the petitioner's SCDC records; the PCR application; and the State's return.

Judge Hayes thereafter filed an Order of Dismissal in which he denied relief and dismissed the application with prejudice. Judge Hayes addressed the petitioner's claims that trial counsel was ineffective (1) for failing to adequately investigate his case; (2) for failing to adequately discuss the State's evidence with him in preparation for trial; (3) for failing to advise him that he would not be eligible for parole until he served 85% of his sentence; and (4) for failing to advise him that he would be subject to the community supervision program upon any future release from prison. In addition to addressing the issue of whether these ineffectiveness claims rendered the guilty plea involuntary, Judge Hayes also addressed the petitioner's allegation that his plea was involuntary because it was induced by counsel's incorrect promise that he would be parole eligible in eight to twelve years.

No appeal was perfected on the petitioner's behalf. On February 4, 2000, the petitioner filed a second PCR to ensure appellate review of the prior PCR denial (2000-CP-46-263). The only allegation in this application was as follows:

> INEFFECTIVE ASSISTANCE OF COUNSEL. ATTORNEY FAIL[ED] TO FILE APPLICANT['S] NOTICE OF APPEAL, TO THE STATE SUPREME COURT. (SEE ATTACHED LETTER FROM MR. ALLEN BULLARD, ATTORNEY-ATLAW).

His application was accompanied by a letter from counsel Bullard stating that the prior appeal was not filed as the result of a clerical error in counsel's office and that there had not been a waiver. Mr. Bullard also asked the State to consent to relief pursuant to *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991) (holding, as a matter of state law, that a PCR applicant has a right to appellate counsel's assistance in seeking review of the denial of PCR).

3

The State made a Return on June 27, 2000. The Honorable Lee S. Alford held an evidentiary hearing into this allegation on July 24, 2000. The petitioner was present at the hearing and attorney Terry B. Millar represented him. Assistant Attorney General Aplin represented the State. Mr. Bullard was the only witness att the hearing. Also, the State agreed at the hearing that a belated appeal from the first PCR denial was warranted.

Judge Alford filed an order on August 18, 2000, finding that the petitioner "was denied the opportunity to seek appellate review even though he timely notified his previous PCR counsel that he wanted to appeal. Applicant was thereby prejudiced by counsel's failure to perfect such appeal" (App. 134). Therefore, Judge Alford granted the PCR application based upon his finding that the petitioner's "previous PCR counsel was ineffective and that [the petitioner] was prejudiced thereby. The Court would recommend that [the petitioner] be allowed the appeal of his previous PCR" (App. 134). Judgment was entered on this order on the same day.

The petitioner timely served and filed a notice of appeal. Chief Attorney Daniel T. Stacey of the South Carolina Office of Appellate Defense represented him in collateral appellate proceedings. On August 3, 2001, the petitioner filed a petition for writ of certiorari pursuant to *Austin v. State*. The only question presented in the petition was stated as follows:

> Whether petitioner pled guilty knowingly, intelligently and voluntarily when counsel failed to advise him of the onerous community supervision program which will "hang over him like the sword of Damocles" when he is released from prison?

On August 3, 2001, the petitioner also filed a petition for writ of certiorari. The only question presented in the petition was stated as follows:

> Whether petitioner is entitled to a belated appeal of the denial of his post-conviction relief application pursuant to Austin v. State?

The State filed a return to the petition for writ of certiorari pursuant to *Austin v. State* on November 13, 2001.

The South Carolina Supreme Court filed an order on May 15, 2002, in which it (1) granted the petition for writ of certiorari from the order granting a belated appeal, (2) dispensed with further briefing, (3) reviewed the Order of Dismissal from the petitioner's first evidentiary hearing, and (4) denied certiorari from the Order of Dismissal. It sent the remittitur to the York County Clerk of Court on May 31, 2002.

In his *pro se* petition now before this court, the petitioner raises the following allegations:

>**GROUND ONE**: Ineffective Assistance of Counsel.
>**SUPPORTING FACTS**: No Order or Motion to hear all issues in order were filed.
>
>**GROUND TWO**: Counsel was ineffective in failing to move for a Continuance.
>**SUPPORTING FACTS**: The Defendant was in a Diminished Capacity due to injuries sustained in the said event.
>
>**GROUND THREE**: The Court had no Subject Matter Jurisdiction to accept a plea or to pass sentence.
>**SUPPORTING FACTS**: The Court should not have accepted or heard testimony or Pleas due to the Mental and Physical State of the Defendant.
>
>**GROUND FOUR**: The Defendant was faced with Double Jeopardy.
>**SUPPORTING FACTS**: Two of the Charges that were [run] consecutive were for the same Death. The defendant should not have been indicted for the same Death twice.

On March 11, 2010, the respondent filed a motion for summary judgment. By order filed March 12, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on April 2, 2010.

**APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> Title 28, United States Code, Section 2244(d), provides:
>
> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

6

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

The respondent first argues[2] that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This court agrees. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325. 328 (4th Cir. 2000). Further, the tolling period for state collateral review does not include the time for filing a petition for certiorari in the United States Supreme Court. 28 U.S.C. § 2244(d)(2); *Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007) ("Read naturally, the text of the statute must mean that the statute of limitations is tolled only while state courts review the application. ... [A]llowing the statute of limitations to be tolled by certiorari petitions would provide incentives for state prisoners to file certiorari petitions as a delay tactic. By filing a petition for certiorari, the prisoner would push back § 2254's deadline while we resolved the petition for certiorari.

---

[2] As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

This tolling rule would provide an incentive for prisoners to file certiorari petitions – regardless of the merit of the claims asserted – so that they receive additional time to file their habeas applications").

Here, the petitioner's state court convictions became final on September 19, 1997, which was ten days following his conviction on September 9, 1997, and the final day he could have timely noticed an appeal. *See* Rule 203(b)(2), SCACR (must file notice of appeal within ten days of conviction). The petitioner then filed his PCR action (98-CP-46-613), 181 days later, on March 19, 1998, which tolled the § 2254 limitations period pursuant to 28 U.S.C. § 2244(d)(2) until May 31, 2002, when the South Carolina Supreme Court sent the remittitur to the York County Clerk of Court. Accordingly, the limitations period expired 184 days later, on December 2, 2002.

As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. The petitioner delivered his § 2254 petition to prison authorities for mailing to the court on December 30, 2009, the date stamped on the back of the envelope containing his petition. Thus, his petition was filed more than seven years after the statute of limitations expired.

The respondent invites the court to declare that equitable tolling does not apply to the statute of limitations at issue; that invitation is declined. The Fourth Circuit Court of Appeals has held that the AEDPA statute of limitations is subject to equitable tolling. See *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). However, the petitioner has failed to show that he was prevented from timely filing by extraordinary circumstances that were beyond his control. The petitioner claims simply that he was "hindered from filing [the § 2254

8

petition] due to his incarceration" (petition at 14). He offers nothing more to excuse his seven-year failure to file timely. The court notes that the petitioner's incarceration was not a hindrance to his pursuit of his PCR and subsequent appeal in state court. Accordingly, equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the petition was not timely filed, and it is barred by Section 2244(d)(1).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 19) be granted.

s/Kevin F. McDonald
United States Magistrate Judge

September 21, 2010

Greenville, South Carolina